UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-290-F

| | | |
|---|---|---|
| JOSEPH S. LEONE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TYCO ELECTRONICS CORPORATION, | ) | |
| Defendant. | ) | |

This matter is before the court on motion by the defendant, Tyco Electronics Corporation ("Tyco") for summary judgment [DE-12]. The plaintiff, Joseph S, Leone ("Leone") has responded [DE-16] in opposition thereto, and Tyco has filed a reply [DE-22]. The court has allowed Leone to file an Amended Complaint, which amendment has no effect on the ruling entered herein. The parties also have jointly moved to continue [DE-23] the trial now scheduled for the court's August 3, 2009, term of court.

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Rule 56(c), FED. R. CIV. P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). When making the summary judgment determination, the court views facts and all reasonable inferences in the light most favorable to the nonmoving party. *See id.* at 255.

The court has carefully reviewed Tyco's motion, Leone's response, and the myriad of exhibits appended to thereto, as well as Tyco's reply. The court hereby ADOPTS Tyco's memoranda [DE-13] and [DE-22]), as expressing its rationale for ALLOWING Tyco's motion for summary judgment [DE-12].

Tyco carried its burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ; *Ross*

*v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985). In addition to proffering its own affirmative evidence, Tyco demonstrated that Leone has failed to disclose sufficient evidence to establish its claim. *See Celotex,* 477 U.S. at 331 (Brennan, J., dissenting). Tyco having met its burden, the onus was on Leone to affirmatively demonstrate that there is a genuine issue of material fact requiring trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the plaintiff for a jury to return a verdict for it. *See Anderson,* 477 U.S. at 250.

Tyco declined Leone's second claim for STD benefits because "the medical [documentation] did not substantiate the need for total disability." Leone Dep. Exhs. 7, 9 & 10. Here, Leone contends that his "evidence presents a jury question as to whether Tyco's decision [to deny Leone's second STD claim] was 'objectively reasonable based on good faith and fair dealing.' " Leone's Response Memorandum [DE-16] at p. 3. In fact, Leone proffered *no* evidence that Tyco's processing of his second STD claim was anything other than compliant with Tyco's Policy # TEP-016. *See* Defendant's Exhibit # 3 to [DE-12] (Human Resources Policy/Procedure: Short Term Disability/Long Term Disability Policy TEP-106). Leone alleges that Tyco's denial of his second STD application was unreasonable, unfair and made in bad faith, but he has proffered no evidence whatsoever to support such findings. In opposing summary judgment, the non-moving party must "set forth such facts as would be admissible in evidence." Rule 56(e),FED. R. CIV. P.

The standard for summary judgment therefore mirrors the standard for judgment as a matter of law under FED. R. CIV. P. 50(a); that is, a trial court must grant a

judgment if, under the governing law, there can be but one reasonable conclusion as to the verdict. *See Anderson,* 477 U.S. at 250. A trial judge faced with a summary judgment motion "must ask himself not whether he thinks the evidence unmistakenly favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff *on the evidence presented.*" *Id.* at 252 (emphasis added). As demonstrated in Tyco's memoranda and the exhibits thereto, Leone failed to carry his burden to defend against Tyco's motion for summary judgment by demonstrating that, as the party with the burden of proof at trial, he has evidence to prove every element of his claims.

Because Leone's medical documentation failed to support his claim for a second round of STD benefits, Tyco reasonably denied that claim. Leone has pointed to no evidence of bad faith or sharp dealing by Tyco. Moreover, it is uncontested that Leone voluntarily declined the opportunity to apply for LTD benefits. Tyco's motion for summary judgment as to Leone's common law breach of contract is ALLOWED. Tyco did not owe Leone any wages after the effective date of Leone's termination, June 6, 2007.[1] Therefore, Tyco's motion for summary judgment as to Leone's North Carolina Wage and Hour Claim, N.C. GEN. STAT. § 95-25.1, *et seq.*, also is ALLOWED.

## SUMMARY

Tyco's motion for summary judgment [DE-12] is ALLOWED for the reasons stated in Tyco's memoranda [DE-13] and [DE-22], which memoranda the court ADOPTS and INCORPORATES herein by reference. The parties' joint motion to continue [DE-23] the trial of this matter is DENIED as moot. The Clerk of Court is DIRECTED to remove this case from the court's August 3, 2009, trial calendar and from the Magistrate Judge's pre-trial calendar.

---

[1] Leone later was terminated because he was determined to be 100% disabled. Although that determination was not made until after Leone had exhausted all his appeals of the denial of his second STD application, the effective date of his termination was the last day he worked.

SO ORDERED.

This, the 26th day of June, 2009.

                     _/s/ James C. Fox_
                     JAMES C. FOX
                     United States District Judge